IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                                    |   ‖   |                       |
| UNITED STATES OF AMERICA,          |   ‖   |                       |
|          Plaintiff,                |   ‖   |                       |
| vs.                                |   ‖   | Cv. No. 01-2091-Ml/V  |
|                                    |   ‖   | Cr. No. 96-20098-(Tu) |
| LARRY WADE WALTERS, JR.,           |   ‖   |                       |
|          Defendant.                |   ‖   |                       |

_____

ORDER TO DOCKET "PRESERVED OBJECTIONS" AS NEW CASE
AND
ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2244(b)(3)
TO SIXTH CIRCUIT COURT OF APPEALS
_____

On July 5, 2004, and September 2, 2005, Defendant, Larry Wade Walters, Jr., Bureau of Prisons (BOP) registration number 12955-074, an inmate at the United States Penitentiary ("USP") in Atlanta, Georgia, filed duplicate irregular pro se documents (docket entries 24 and 25) styled as "Preserved Objections, Right to Appeal (Plainly Unreasonable)" in this civil matter. The Clerk docketed the first irregular filing as a motion for reconsideration. On February 27, 2006, Walters filed a motion for an order to show cause (docket entry 26), in which he refers to the duplicative filings as a motion requesting resentencing.

On May 29, 1996, a federal grand jury returned an eight-count indictment charging Walters and three codefendants with aiding and abetting, instigating, conniving, willfully attempting to cause, and assisting a riot in a federal prison, in violation of 18 U.S.C.

§ 1792, and willfully and maliciously destroying government property, in violation of 18 U.S.C. § 1361. From April 29, 1997, until May 14, 1997, the United States District Judge Jerome Turner[1] presided at a jury trial at which the jury convicted Walters of one count of rioting in a federal prison and three counts of destruction of government property. On October 3, 1997, Judge Turner conducted a sentencing hearing, and on October 9, 1997, he entered a sentence of ninety-two years imprisonment, to be served consecutively to his existing term of imprisonment, along with a three-year period of supervised release.

Defendant appealed. The Sixth Circuit Court of Appeals affirmed the judgment and the sentence imposed. United States v. Walters, No. 97-6385, 202 F.3d 869 (6th Cir. 2000).

On February 5, 2001, defendant filed a § 2255 motion and amended motion contending that his counsel provided ineffective assistance by:

1.   failing to object to the sentencing enhancement for his role as a ringleader in the riot;

2.   failing to challenge the constitutionality of 18 U.S.C. § 1792;

3.   pursuing a defense strategy that implicitly admitted liability;

4.   failing to investigate defendant's prior conviction, which was used to enhance his sentence;

5.   failing to object to the Court's instructions to the jury;

---

[1]   This case was assigned to this judge following Judge Turner's death in February of 2000.

6.    failing to cross-examine witnesses or investigate the case;

7.    failing to object to the prosecution's non-disclosure of evidence favorable to the defendant by withholding institutional memoranda;

8.    failing to object to the Court's <u>ex</u> <u>post</u> <u>facto</u> judicial decisionmaking by interpreting 18 U.S.C. § 1792 as punishing participation in a riot;

9.    failing to object to the Government's use of perjured testimony; and

10.   failing to object to his selective prosecution.

The Court directed the United States to respond to the motion and amended motion.  The Court reviewed the response filed by the United States and the defendant's reply and determined that an evidentiary hearing was not necessary.  On March 3, 2003, the Court denied the motions.

On March 14, 2003, defendant filed an application for certificate of appealability with a memorandum in support and a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e).  The Court denied the motions on September 23, 2003. Walters appealed.  On September 17, 2004, the Sixth Circuit Court of Appeals denied a certificate of appealability.  <u>Walters v. United States</u>, No. 03-6439 (6th Cir. Sept. 17, 2004).

Walters contends in the present motion that under the holdings of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005), he is entitled to be resentenced.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 102, 110 Stat. 1220 (Apr. 24,

1996), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the Circuit in which the district court is located. Under In re Sonshine, 132 F.3d 1133, 1135 (6th Cir. 1997), the AEDPA amendments bar a prisoner from filing a second § 2255 motion unless those amendments are declared retroactive by the United States Supreme Court.  Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997), "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  Id.

To the extent the irregular filings are brought pursuant to Fed. R. Civ. P. 60(b), neither the Rules Governing Section 2255 Proceedings for the United States District Courts nor the Federal Rules of Civil Procedure allow a motion for reconsideration.[2]  More importantly, however,

> a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a "second or successive" application for purposes of 2244(b). . . . Otherwise the statute would be ineffectual.  Instead of meeting the

---

[2]     The Federal Rules of Civil Procedure are only applicable to § 2255 cases insofar as the Court deems appropriate.  See Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  The Rule states:

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

> To the extent that the AEDPA limitations on successive motions supersede the § 2255 Rules, of course, the statute controls.

requirements of § 2244(b), the petitioner would restyle his request as a motion for reconsideration in the initial collateral attack and proceed as if the AEDPA did not exist.

Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997)(holding that motion to recall mandate denying state prisoner habeas petition under 28 U.S.C. § 2254 is the "functional equivalent of a second or successive petition for habeas corpus" and must be evaluated under § 2244(b)). See also Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir. 1997)(same); Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1986)(in pre-AEDPA case, Rule 60 motion properly construed as second petition for habeas relief only reviewable under successive petition standards); United States v. Stanley Anderson, Misc. No. 97-26-G (W.D. Tenn. July 29, 1997)(transferring motion to set aside dismissal of § 2255 motion to appellate court under Sims), on review under § 2244(b), In re Anderson, No. 97-0585 (6th Cir. Feb. 6, 1998)(denying motion for permission to file successive motion); cf. Alexander v. United States, 121 F.3d 312, 313-14 (7th Cir. 1997)(denying leave to mount fourth collateral challenge to federal criminal conviction and holding that "[r]ejected justifications may not be reiterated in a successive motion for leave to file."). Walter's attempt to set aside the judgment in his original § 2255 proceeding must be construed as a successive application.

Under Sims, the Court construes the successive motion as a request for certification of a successive motion. Accordingly, it is hereby ORDERED pursuant to Sims and 28 U.S.C. § 1631 that the Clerk of Court docket the irregular filings (docket entries 24, 25,

and 26) as a new case and transfer them to the United States Court of Appeals for the Sixth Circuit.  The Clerk shall place a copy of this order in that case as well as in case no. 01-2091-Ml/V.

The Clerk of Court is ORDERED not to accept for filing any further documents in the new case or this case, however captioned or described, unless directed to do so by an order from the United States Court of Appeals for the Sixth Circuit.  This case is being transferred to that appellate court, and the defendant must obtain relief from that court to pursue any further attacks on his conviction here.


IT IS SO ORDERED this 31st day of March, 2006.


/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE